UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRIGHTBEY

    Plaintiff,

    v.

WAYNE COUNTY TREASURER

36TH DISTRICT COURT BAILIFF

DETROIT POLICE DEPARTMENT

    Defendant.

_____/

Case No. 23-10612

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [#2]; (2) DENYING MOTION FOR EMERGENCY INJUNCTION [#4]; (3) REQUIRING PLAINTIFF TO SHOW CAUSE; (4) DIRECTING SERVICE OF COMPLAINT AND MOTION ON DEFENDANTS; AND (5) DISMISSING CRIMINAL TRESPASS CLAIM**

## I. INTRODCUTION

*Pro se* Plaintiff Dennis Brightbey filed a complaint on March 15, 2023. It alleges violations of: (1) the due process clause of the Fourteenth Amendment, (2) the takings clause of the Fifth Amendment, and (3) criminal trespass under 25 C.F.R § 11.411. Plaintiff also filed a Motion for Emergency Injunction [ECF No. 4]. He asks the Court to halt the execution of an eviction and undo the tax foreclosure sale of his property located at 8825 Whitcomb St., Detroit, MI 48228. [ECF No. 4, PageID.16]. Plaintiff is slated to be evicted on March 17, 2023.

1

Plaintiff wishes to proceed in forma pauperis ("IFP"). Upon review of Plaintiff's IFP application and sworn statements therein, the Court is satisfied that he is indigent. Plaintiff's IFP application is **GRANTED**.

Upon review of Plaintiff's submissions, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the motion on the pleadings. See E.D. Mich. L.R. 7.1(f)(2).

For the reasons stated below, Plaintiff's motion for emergency injunction is **DENIED WITHOUT PREJUDICE**.

## II. Preliminary Injunction Factors

Fed. R. Civ. P. 65 governs preliminary injunctions and temporary restraining orders. Under Rule 65(a)(1), "the court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Rule 65(b) provides for the issuance of a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The rule further requires that the moving party's attorney must certify in writing efforts made to give notice and why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). No such efforts are detailed here. Finally, the court may issue a preliminary injunction or a temporary restraining order only if the movant gives

security in an amount that the court considers proper to pay the costs and damages

sustained by any party found to have been wrongfully enjoined or restrained. Fed.

R. Civ. P. 65 (c). Plaintiff provides no documents and alleges no facts that would

allow the Court to determine this amount of monetary security required.

"The purpose of a preliminary injunction is merely to preserve the relative

positions of the parties until a trial on the merits can be had." *Certified Restoration*

*Dry Cleaning Network, L.L.C. v. Tenke Corp*., 511 F.3d 535, 542 (6th Cir. 2007).

In determining whether to grant a preliminary injunction or temporary restraining

order, the Court must consider whether the moving party has established: (1) a

"strong" likelihood of success on the merits; (2) that he will suffer irreparable

injury absent injunctive relief; (3) that issuance of an injunction would not cause

substantial harm to others; and (4) that the public interest would be served by the

issuance of the injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000);

see *also Ohio Republican Party v. Brunner,* 543 F.3d 357, 361 (6th Cir. 2008)

(noting that the same four factors apply in determining whether to grant a

temporary restraining order).

The only element Plaintiff has satisfied is the irreparable harm he and his 94-

year-old disabled mother would face if evicted. [ECF No. 4, PageID.13]. Plaintiff

does not show a likelihood of success on the merits. His motion is devoid of legal

argument, factual allegations, and evidence. He makes no arguments and alleges

no facts related to the elements of his Fourteenth Amendment due process claim; he says nothing about the process that was required before foreclosure and eviction, and he says nothing about the procedure the relevant governmental entities followed. Further, Plaintiff makes no allegations related to his Fifth Amendment claim; his pleadings do not show whether the government took his private property and converted it into public use without just compensation. U.S. Const. Amend. V. Plaintiff attaches no relevant foreclosure, eviction, or tax documents. The tax assessment and exemption documents that he does attach are from 2015, but he does not explain how these are relevant to his purported entitlement to have the foreclosure sale of his property reversed or the eviction halted. The only meaningful allegations Plaintiff makes are that he made a 2016 payment of $8500 in Wayne County tax collections in "good faith"; that government officials took his property, "dumped" his personal papers, and unlawfully kidnapped his pet dog. [ECF No. 1, PageID.1].

Plaintiff filed an "Affidavit of Truth" with his motion. It appears to allege that Plaintiff is not a United States citizen and therefore is not subject to the jurisdiction of the United States or the State of Michigan. [ECF No. 4]. He claims that he is a "Sovereign Individual", an owner of the parcel at issue here, and he has engaged in no unlawful conduct, thus, he believes that he cannot be compelled to pay property taxes or tax penalties in the absence of a contract whereby he agreed

to do so. [Id]. His affidavit of truth, coupled with the Principal Residence Exemption Affidavit from 2015, suggests that he believes he was entitled to a 100% tax exemption. [ECF No. 4, PageID.15].

It is unclear whether Plaintiff wishes to rely of this argument to support his motion for emergency injunction. If so, then it demonstrates a low likelihood on success on the merits. The Tax Injunction Act ("TIA") provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  And "[i]t is well settled that allegations of deprivations of constitutional rights do not render the [TIA] inapplicable." *Pegross v. Oakland Cnty. Treasurer*, 592 F. App'x 380, 381 (6th Cir. 2014). "The TIA creates a jurisdictional barrier to the federal courts for claims of declaratory or injunctive relief brought by a party aggrieved by a state's administration of its taxing authority." *Id*. at 384. Plaintiff does not show that no remedies exist in state court for this alleged improper taxation.

Further, Plaintiff offers no explanation for how the parties involved in the foreclosure sale would remain unharmed despite the issuance of an injunction reversing the foreclosure sale. As far as the Court can tell, the evidence Plaintiff provided suggests that he has not paid property taxes since 2016, stopping an eviction under these circumstances would harm Wayne County, not help it. And

issuing an injunction to reverse the foreclosure sale and halt an eviction on Plaintiff's property, despite him presumably being delinquent on years' worth taxes, would harm the public interest by undermining tax laws and allowing Plaintiff to escape accountability for his tax liabilities.

In short, Plaintiff provides no factual allegations, sufficient argument, or evidence that would allow the Court to engage in a substantive and thorough analysis of his entitlement to an injunction on the merits.

Plaintiff's Motion for Emergency Injunction [#4] is **DENIED WITHOUT PREJUDICE**.

### III. Plaintiff Must Serve Defendants and Show Cause Why This Action Should not be Dismissed for Failure to State A Claim.

Not only are the factual allegations surrounding Plaintiffs' legal claims deficient as stated above; it is also unclear whether Plaintiff has served the Defendants in this case with a copy of his complaint, a summons, and motion. Plaintiff is ordered to serve the Defendants in accordance with Fed. R. Civ. P. 4 and file relevant documents pertaining to the foreclosure sale and eviction proceedings.

In light of the above findings, Plaintiff must **SHOW CAUSE IN WRITING no later than March 30, 2023** why this case should **NOT** be dismissed for failure to state a claim. Plaintiff's factual allegations must be

contained under separate headings that correspond to each claim and each factual

allegation must be listed in number paragraphs under the appropriate heading.

Finally, Plaintiff's claim for criminal trespass under 25 C.F.R § 11.411 is

**DISMISSED**. Individuals do not file criminal charges in U.S. district courts. A

criminal proceeding is initiated by the government, usually through the U.S.

attorney's office in coordination with a law enforcement agency. Allegations of

criminal behavior should be brought to local police, the FBI, or other appropriate

law enforcement agency.

**IT IS SO ORDERED.**


 /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2023


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Dennis
Brightbey, 1401 Fort Street, Detroit, MI 48232 on
March 17, 2023, by electronic and/or ordinary mail.
/s/ LaShawn R. Saulsberry for Teresa McGovern
Case Manager