UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRIGHT BEY,

        Plaintiff,

v.

        Case No.: 23-10612
        Hon. Gershwin A. Drain

WAYNE COUNTY TREASURER, *et al.*,

        Defendants.
_____/

## OPINION AND ORDER GRANTING WAYNE COUNTY TREASURER'S MOTION TO DISMISS [#10], GRANTING CITY OF DETROIT'S MOTION TO DISMISS [#11] AND DISMISSING ACTION

### I. INTRODUCTION

Plaintiff Dennis Bright Bey brought the instant action against the Wayne County Treasurer, the Detroit Police Department and the 36th District Court Baliff alleging that his rights under the Due Process Clause, the Fair Debt Collection Practices Act, the Takings Clause and 25 C.F.R. § 11.411[1] during a tax foreclosure proceeding involving property located at 8825 Whitcomb, Detroit, Michigan. Despite failing to pay his property taxes since 2016, Plaintiff maintains the Wayne County Circuit Court's Judgment of Foreclosure was wrongful. He seeks five

---

[1] The Court has previously dismissed Plaintiff's claim under the Code of Federal Regulations. *See* ECF No. 5.

1

million dollars in damages and a declaratory judgment that he has superior title to the subject property.[2]

Now before the Court is the Wayne County Treasurer's Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6), filed on April 21, 2023, and the Detroit Police Department's Motion to Dismiss in Lieu of an Answer, also filed on April 21, 2023. Plaintiff has failed to file Responses to the Defendants' Motions to Dismiss. Upon review of the Defendants' Motions and the relevant authority, the Court concludes that oral argument will not aid in the disposition of these matters. Accordingly, the Court will resolve Defendants' Motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Plaintiff's claims are barred by the *Rooker-Feldman*[3] doctrine and the Tax Injunction Act,[4] therefore the Defendants' Motions to Dismiss will be granted.

## II. FACTUAL BACKGROUND

On March 28, 2017, a Tax Foreclosure Judgment was entered in the

---

[2] In his Response to this Court's Order to Show Cause Why Action Should Not Be Dismissed, Plaintiff increases his request for damages to twenty million dollars. He also states that he is a "non-taxpayer," and requests that the Court "recognize Plaintiff [sic] tax exempt status." ECF No.7, PageID.39.
[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 461, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).
[4] 28 U.S.C. § 1341.

Wayne County Circuit Court in favor of the Wayne County Treasurer. *See* ECF No. 10, PageID.111.[5] Notice of the foreclosure proceeding complied with all applicable laws. *Id.*, PageID.117-123. Plaintiff filed an Objection to the foreclosure. *Id.*, PageID.125-135.

Pursuant to the terms of the Judgment, the Treasurer was vested with absolute title to the subject property, and all recorded and unrecorded interests in the subject Property, unless all delinquent taxes, interest and penalties were paid within 21 days of entry of the Judgment. *Id.*, PageID.113. Because the delinquent taxes, interest and penalties were not paid within 21 days, absolute title vested with the Wayne County Treasurer. Thereafter, the Treasurer sold the property at a public auction and a deed was issued to the winning bidder. *Id.*, PageID.137. The deed was recorded on October 19, 2017. *Id.*

### III.   LAW & ANALYSIS

#### A.  Standard of Review

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15

---

[5] At "any stage of the proceeding," a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b), (d). A court may take judicial notice of facts contained in state court documents. *Great Am. Ins. Co. v. GeoStar Corp.*, No. 09-12488-BC, 2010 U.S. Dist. LEXIS 20258, at *56 (E.D. Mich. Mar. 5, 2010).

F.3d 592, 598 (6th Cir. 1994). Relevant here, "[a] facial attack is a challenge to the sufficiency of the pleading itself." *Id.* In order to survive a facial attack, "the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). "The plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial.'" *Id.* (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed. 2d 210 (1998) (quoting *Oneida Indian Nation of New York v. Cty. of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 29 L. Ed. 2d 73 (1974)).

### B. The *Rooker-Feldman* Doctrine

The Wayne County Treasurer argues that this Court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself

violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (6th Cir. 2002) (the *Rooker-Feldman* doctrine establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings."). Where the source of the Plaintiff's injury "is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). To determine the source of the injury, the district court must refer to the plaintiff's request for relief. *See Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012).

Here, Plaintiff seeks a declaratory judgment that he has superior title to the subject property. As such, Plaintiff's source of injury is the Wayne County Circuit Court's Judgment of Foreclosure, and if this Court were to grant Plaintiff his requested relief it would be acting as an appellate court. This is precisely the type of action prohibited by *Rooker-Feldman*. Plaintiff's action is subject to dismissal on this basis. *See Promedica Continuing Care Services v. Hillsdale County*, No. 08-cv-844, 2009 U.S. Dist. LEXIS 36318, at *1 (W.D. Mich. Apr. 28, 2009)(dismissing action based on purported wrongful tax foreclosure under *Rooker-Feldman*); *Anderson v. County of Wayne*, No. 10-13708, 2011 U.S. Dist. LEXIS 65863, *at 15 (E.D. Mich. Jun. 20, 2011) (same).

### C. The Tax Injunction Act

Plaintiff's claims are also barred by the Tax Injunction Act. Under the Tax Injunction Act, federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law" when "a plain, speedy, and efficient remedy may be held in the courts of such State." 28 U.S.C. § 1341.

Here, to grant the relief Plaintiff seeks, namely, to undo the tax foreclosure would "enjoin, suspend, or restrain the assessment, levy, or collection of a [] tax under State law." Plaintiff brings claims under the Due Process Clause, the Fair Debt Collection Practices Act, and the Takings Clause seeking to undo the tax foreclosure on the subject property. The Tax Injunction Act bars these claims because Plaintiff has a plain, speedy, and efficient remedy in the state court. *See Dixon v. Oisten*, 62 F. App'x 105, 105 (6th Cir. 2003) (affirming lower court's decision to dismiss Plaintiff's due process claim stemming from a tax foreclosure and finding the plaintiff's "challenge to the tax foreclosure on his real property was barred by the Tax Injunction Act."). For this additional reason, Plaintiff's claims are barred by the Tax Injunction Act.

### IV. CONCLUSION

Plaintiff's Complaint is precluded in the federal courts. *See Nassar El v. Smith*, No. 11-11957, 2012 U.S. Dist. LEXIS 12130 (E.D. Mich. Jan. 31, 2012) (dismissing challenge to collection of property taxes by "Moorish-American"

6

based on the *Rooker-Feldman* doctrine and the Tax Injunction Act, among other reasons for dismissal).

Accordingly, Defendants' Motions to Dismiss [#10 and #11] are GRANTED.

This cause of action is dismissed.

SO ORDERED.

Dated: October 13, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Dennis Bright Bey, 1401 Fort Street, Detroit, MI 48232 on October 13, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager